USDC SDNY
DOCUMENT ELECTRONICALLY
FILED
DOC#: _____
DATE FILED: __6-28-16__

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH RURODE, Individually on Behalf of Himself and Derivatively on Behalf of Nominal Defendant REALTY FINANCE TRUST, INC., <br><br> Plaintiff, <br><br> v. <br><br> PETER M. BUDKO, and ELIZABETH K. TUPPENY, <br><br> Defendants, <br><br> and <br><br> REALTY FINANCE TRUST, INC. <br><br> Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 1:16-cv-04553 |

## STIPULATION AND ████████ ORDER

WHEREAS, on June 16, 2016, plaintiff Joseph Rurode ("Plaintiff") filed his Verified Individual and Shareholder Derivative Complaint, alleging that defendants violated Section 14A of the Securities Exchange Act in soliciting proxies of Realty Finance Trust, Inc. ("RFT" or the "Company") stockholders. Specifically, Plaintiff alleged that Defendants failed to provide full material information to RFT stockholders in Proposal No. 6 of the Company's proxy statement (the "Proxy"), which sought to amend RFT's Articles of Amendment and Restatement ("Charter") to eliminate certain stockholder rights, and improperly bundled unrelated Charter amendments together in Proposal No. 6 in violation of Section 14A.

WHEREAS, on June 20, 2016, Plaintiff filed his Motion for Preliminary Injunction ("Motion"), requesting that the Court issue an order enjoining the Company from holding its stockholder vote on Proposal No. 6 unless and until Defendants (i) cured the allegedly materially incomplete and misleading statements contained in the Proxy and (ii) cured the allegedly improper bundling of separate matters in Proposal No. 6.

WHEREAS, on June 22, 2016, RFT filed a supplemental proxy on Form DEFA14A (the "Supplemental Proxy"), which made additional disclosures concerning Proposal No. 6 and also removed the proposed amendment to eliminate Article XIV of the Charter from RFT stockholders' consideration of Proposal No. 6.

WHEREAS, on June 23, 2016, Plaintiff withdrew his Motion because RFT's issuance of the Supplemental Proxy eliminated the need for injunctive relief in connection with RFT's annual meeting.

IT IS STIPULATED AND AGREED, by and between Plaintiff and Defendants, subject to approval by the Court:

1. That pursuant to Federal Rule of Civil Procedure 41, the above-captioned action is dismissed as moot; and

2. The Court will retain jurisdiction over the action to permit Plaintiff to submit an application for a reasonable award of attorneys' fees in connection with the litigation, which Defendants reserve the right to oppose.

DATED:  June 24, 2016

Respectfully Submitted,

GRANT & EISENHOFER P.A.

Daniel L. Berger
dberger@gelaw.com
485 Lexington Avenue
New York, N.Y. 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

KESSLER TOPAZ
    MELTZER & CHECK, LLP
Lee D. Rudy
lrudy@ktmc.com
J. Daniel Albert
dalbert@ktmc.com
Stacey A. Greenspan
sgreenspan@ktmc.com
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (267) 948-2512

*Attorneys for Plaintiff*

HOGAN LOVELLS LLP

William M. Regan
william.regan@hoganlovells.com
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Attorneys for Defendants*

SO ORDERED.

Dated: June ____, 2016
NEW YORK, NEW YORK

_____
U.S. District Judge                        6-28-16